UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD D. WEAVER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-2078 |
| v. | : | (JUDGE MANNION) |
| CLAIR DOLL, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

**I. BACKGROUND**

Plaintiff, Ronald D. Weaver, in inmate currently confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are five employees at Plaintiff's prior place of confinement, the York County Prison. Id. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief, claiming a violation of the Prison Rape Elimination Act, 42 U.S.C. §15601. Id.

On March 28, 2022, Defendants filed a motion to dismiss Plaintiff's complaint, along with a supporting brief. (Docs. 21, 22). Plaintiff has been granted four enlargements of time within which to file a brief in opposition to Defendants' motion to dismiss. (Docs. 25, 27, 28, 32). Plaintiff has failed to file a brief in opposition.

By Order dated February 2, 2023, the Court directed Plaintiff to show cause on, or before, February 21, 2023, as to why the instant action should not be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. (Doc. 29). To date, Plaintiff has failed to respond to this Court's Order. Thus, for the reasons set forth below, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630–31; see also Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R.

Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors":

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Poulis factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." Mindek, 964 F.2d at 1373. No one factor is determinative and not all of the Poulis factors must be met to warrant dismissal. Mindek, 964 F.2d at 1373; Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." Sebrell ex rel. Sebrell v. Phila. Police Dep't, 159 F. Appx. 371, 373 (3d Cir.

2005) (not precedential) (citing Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the Poulis factors in the case at bar weighs heavily in favor of dismissing this action.

### III. Discussion

#### 1. Plaintiff's Personal Responsibility

Looking to the Poulis factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Weaver. Because Weaver is a *pro se* litigant, he is solely responsible for prosecuting his claim. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a pro se litigant is responsible for his failure to comply with court orders." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); see also Emerson, 296 F.3d at 191; Winston v. Lindsey, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). Weaver has failed to abide by Court Orders and neglected to litigate this case. Specifically, Weaver has failed to file a brief in opposition to Defendants' pending motion to dismiss, despite being directed to do so by

the Court. Additionally, Weaver was specifically warned that his failure to file an opposition brief or respond to the Court's Order may result in the dismissal of this action. As of the date of this Memorandum, Weaver has failed to comply with either directive. Accordingly, the first Poulis factor weighs in favor of dismissal.

### 2. Prejudice to the Moving Party

As for the second Poulis factor, a finding of prejudice does not require "irremediable harm." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Weaver's failure to respond to the Court's Orders has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants, who without timely responses by Weaver could not seek a timely resolution of the case. Accordingly, the Court finds that the second Poulis factor weighs in favor of dismissal.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or

consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Emerson, 296 F.3d at 191 (*per curiam*) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." Briscoe v. Klaus, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." Adams, 29 F.3d at 875. Here, Weaver has not only failed to respond to the Court's Orders requiring him to file a brief in opposition, but he has failed to show cause why this action should not be dismissed. In fact, Weaver has not communicated with the Court since the filing of his December 12, 2022 motion for appointment of counsel. (See Doc. 31). Accordingly, Weaver's actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

### 4. Willful Conduct or Bad Faith

The fourth Poulis factor requires the Court to consider whether Weaver's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." Adams, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as

- 6 -

flagrant bad faith." Briscoe, 538 F.3d at 262 (quotation omitted). Here, Weaver's failure to abide by multiple Orders by the Court and failure to file a brief in opposition to Defendants' motion "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth Poulis factor weighs in favor of dismissal.

### 5. Availability of Alternative Sanctions

The fifth Poulis factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Weaver], is proceeding pro se." See Lopez, 435 F. App' x at 116; Emerson, 296 F.3d at 191 (*per curiam*); Nowland v. Lucas, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Weaver is proceeding *pro se* and *in forma pauperis,* there is no evidence to suggest that paying monetary sanctions will remedy Weaver's deficiencies. Therefore, monetary sanctions would not be effective in this case. Moreover, Weaver's failure to respond to Court Orders leads to an

inference that further orders to him would not be effective. Accordingly, the fifth Poulis factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final Poulis factor enjoins the Court to consider the meritoriousness of McCullough's claims. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263 (citing Poulis, 747 F.2d at 869–70). Here, assuming for the sake of argument that Weaver's claims have merit, consideration of this factor cannot save his case because he is now wholly noncompliant with his obligations as a litigant. The Plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him. Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe, 538 F.3d at 263. Therefore, the untested merits of the non-compliant Plaintiff's claims, standing alone, cannot prevent

imposition of sanctions. This is particularly true in this instant case, where Weaver's actions reveal that he has abandoned this litigation.

### 7. Balancing the Poulis factors

To reiterate, when weighing the Poulis factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. Briscoe, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single Poulis factor is dispositive," and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373.

In sum, the Poulis factors weigh heavily in favor of dismissal of this action for lack of prosecution. As it is apparent to the Court that Weaver has made no effort to prosecute his case as evidenced by his failure to respond to this Court's Orders, his complaint will be dismissed for failure to prosecute. See Silbermonn, 2021 WL 1705228, at *3.

## IV. Conclusion

Weaver's last communication with the Court was on December 12, 2022. Weaver's prolonged failure to comply with this Court's orders has forced the Court to consider whether to dismiss the instant action for failure

to prosecute. After consideration of the <u>Poulis</u> factors, it is clear that the factors militate in favor of dismissal of Weaver's claims.

    A separate Order shall issue.

                                          <u>*s/ Malachy E. Mannion*</u>
                                          **MALACHY E. MANNION**
                                          **United States District Judge**

**DATE: February 28, 2023**
21-2078-01